# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
# STATE OF MISSOURI

| | | |
|---|---|---|
| ERIN WELSH, individually and on behalf of all other similarly-situated current Missouri citizens, | ) ) ) ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) | Div. 1 |
| RC INDUSTRIES, INC., | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

Serve:  RC Industries, Inc.
        Steven P. Cress, RAGT
        620 Main Street N.
        Navarre OH 44662

## PETITION AND JURY DEMAND

Plaintiff, Erin Welsh, individually and on behalf of all similarly situated Missouri citizens, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

## CASE SUMMARY

1. This case arises out of Defendant RC Industries. Inc.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its Mid's brand Traditional Meatless pasta sauce, Tomato Basil pasta sauce, Three Cheese pasta sauce, and Garlic & Onion pasta sauce (collectively, the "Pasta Sauce").

2. On the label of the Pasta Sauce, Defendant prominently represents that the Pasta Sauce is "All Natural" which leads Missouri citizens to believe that the Pasta Sauce in the container is in fact free of all synthetic, artificial ingredients.

1

3. However, the Pasta Sauce contains citric acid (the "Synthetic Ingredient").

4. While citric acid may be found naturally in citrus fruits, food-grade citric acid is a commercially-manufactured, synthetic food additive used in processed foods primarily as a pH adjuster to induce tart flavor and control the growth of microorganisms, i.e. a flavor agent and/or a preservative.

5. The Pasta Sauce contains the Synthetic Ingredient in direct contravention to its express representation that it is "All Natural."

6. Plaintiff and reasonable consumers reasonably believe, define, and assume that Pasta Sauce labeled "All Natural" does not contain any synthetic, artificial ingredients.

7. Because the Pasta Sauce contains the Synthetic Ingredient, the representation that the Pasta Sauce is "All Natural" is unfair, false, deceptive, and misleading.

8. In addition, by claiming the Pasta Sauce is "All Natural," the label of the Pasta Sauce creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.020) into believing that the Pasta Sauce is free of synthetic, artificial ingredients, when in fact the Pasta Sauce contains the Synthetic Ingredient.  Moreover, the overall format and appearance of the label of the Pasta Sauce has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.030) because it creates the false impression that the Pasta Sauce is "All Natural," when it is not.

9. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

10. Plaintiff, Erin Welsh, is a Missouri citizen residing in the City of St. Louis, Missouri. At various times during the Class Period (as defined below), including in August or September of 2023, Plaintiff purchased Defendant's Traditional Meatless Pasta Sauce after reading the "All Natural" label, at Schnuck Markets in the City of St. Louis for personal, family, or household purposes after reviewing the label. Upon information and belief, the purchase price of the Pasta Sauce was $5.39 per 32-ounce jar. Plaintiff's claim is typical of all class members in this regard. Moreover, the label of each of the Pasta Sauce is substantially similar such that Plaintiff has standing to bring claims on behalf of Pasta Sauce she has not actually purchased.

11. Defendant, RC Industries, Inc. is a Ohio corporation with its principal place of business in Navarre, Ohio.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

13. Plaintiff believes and alleges that the total value of Plaintiff's individual claim is, at most, equal to the refund of the purchase price paid for the Pasta Sauce.

14. Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.

15. There is therefore no diversity or CAFA jurisdiction for this case.

16. Defendant cannot plausibly allege that it has sufficient sales of the Pasta Sauce in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

17. This Court has personal jurisdiction over Defendant as Defendant has more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Pasta Sauce for sale throughout the State of Missouri.

18. Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff is a resident of the City of St. Louis and her injuries occurred in the City of St. Louis.

19. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## ALLEGATIONS OF FACT

20. Defendant manufactures, distributes, and sells the Pasta Sauce.

21. The label of the Pasta Sauce states that the Pasta Sauce is "All Natural."

22. Knowing that consumers like Plaintiff are increasingly interested in purchasing products that do not contain potentially harmful Synthetic Ingredients, Defendant sought to take advantage of this growing market by labeling the Pasta Sauce as being "All Natural."

23. By affixing such a label to the packaging of the Pasta Sauce, Defendant can entice consumers like Plaintiff to pay a premium for the Pasta Sauce or pay more for it than they otherwise would have had the truth be known.

24. The label of the Pasta Sauce is deceptive, false, and misleading in that Defendant prominently represents that the Pasta Sauce is "All Natural," when it is not.

25. The Pasta Sauce is not all natural because the Pasta Sauce contains the Synthetic Ingredient.

26. Plaintiff and reasonable consumers reasonably believe and assume that Pasta Sauce labeled "All Natural" does not contain the Synthetic Ingredient.

27. Neither Plaintiff nor any reasonable consumer would expect to find the Synthetic Ingredient in Pasta Sauce labeled "All Natural."

28. Because of Defendant's deceitful label, Defendant could charge, and Plaintiff and Class Members paid, a premium for the Pasta Sauce.

29. The Pasta Sauce, moreover, was worth less than it was represented to be, and Plaintiff and Class Members paid extra for it due to the "All Natural" label.

30. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce. RSMo. § 407.020.

## CLASS ALLEGATIONS

31. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on his own behalf and on behalf of a proposed class of ("Class Members" of the "Class"):

> All current Missouri citizens who purchased Mid's brand Traditional Meatless pasta sauce, Tomato Basil pasta sauce, Three Cheese pasta sauce, and/or Garlic & Onion pasta sauce with the "All Natural" label for personal, family or household purposes in the five years preceding the filing of this Petition (the "Class Period").

32. Specifically excluded from the Class are Defendant; Defendant's officers, directors, or employees; any entity in which Defendant has a controlling interest; any affiliate, legal

5

Electronically Filed - CITY OF ST. LOUIS - October 23, 2023 - 03:36 PM

representative, heir, or assign of Defendant and any person acting on their behalf. Also excluded from the Class are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, all State agencies; and any juror assigned to this action.

33. Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

34. There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

    a. Whether the "All Natural" claim on the Pasta Sauce's label is false, misleading, and deceptive;

    b. Whether Defendant violated the MMPA by selling the Pasta Sauce with false, misleading, and deceptive representations;

    c. Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

    d. Whether the label of the Pasta Sauce creates false impressions and has the tendency and capacity to mislead consumers;

    e. Whether Defendant breached an express warranty;

    f. Whether Defendant was unjustly enriched; and

    g. The proper measure of damages sustained by Plaintiff and Class Members.

35. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff sand Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

36. Plaintiff will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

    b. Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

    c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

Electronically Filed - CITY OF ST. LOUIS - October 23, 2023 - 03:36 PM

38. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

39. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Therefore, class treatment is a superior method for adjudication of the issues in this case.

**CLAIMS FOR RELIEF**

**COUNT I**

**Violation of Missouri's Merchandising Practices Act**

40. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-39 as if fully set forth herein.

41. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce , RSMo. § 407.020.

42. Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts about the sale or advertisement of any merchandise

8

in trade or commerce because Defendant misrepresents that the Pasta Sauce is "All Natural," when in fact the Pasta Sauce contains the Synthetic Ingredient.

43.     In addition, by claiming the Pasta Sauce is "All Natural," the label of the Pasta Sauce creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.020) into believing that the Pasta Sauce is free of synthetic, artificial ingredients, when in fact the Pasta Sauce contains the Synthetic Ingredient. Moreover, the overall format and appearance of the label of the Pasta Sauce has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.030) because it creates the false impression that the Pasta Sauce is "All Natural," when it is not.

44.     The Pasta Sauce was therefore worth less than the Pasta Sauce as represented, and Plaintiff and Class Members paid extra or a premium for it.

45.     Neither Plaintiff nor any reasonable consumer would expect the Synthetic Ingredient to be in Pasta Sauce labeled as being "All Natural."

46.     Plaintiff and Class Members purchased the Pasta Sauce for personal, family, or household purposes and thereby suffered an ascertainable loss because of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Pasta Sauce and the value of the Pasta Sauce if it had been as represented.

47.     Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons. RSMo. § 407.025.2.

## COUNT II

### Breach of Express Warranty

48.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-39 as if fully set forth herein.

49. Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Pasta Sauce is "All Natural" guaranteeing to Plaintiff and the Class Members that the Pasta Sauce was in conformance with the representation.

50. This affirmation of fact and promise became part of the basis of the bargain in which Plaintiff and Class Members purchased Defendant's Pasta Sauce, and Plaintiff and Class Members relied on the affirmations when making their purchasing decisions.

51. Defendant breached its express warranty that the Pasta Sauce is "All Natural" by providing Plaintiff and Class Members with a product that contained the Synthetic Ingredient.

52. As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought Pasta Sauce that was not what it was represented to be, and they have spent money on Pasta Sauce that had less value than was reflected in the premium purchase price they paid for the Pasta Sauce.

53. Because Defendant made the affirmation of fact and promise directly on its own label and packaging, privity is not required to bring this claim.

54. Because Defendant has actual knowledge that its Pasta Sauce contained the Synthetic Ingredient in contravention of its "All Natural" representation, pre-suit notice of this claim is not required.

55. Plaintiff and Class Members suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Pasta Sauce and the value of the Pasta Sauce if they had been as represented.

## COUNT III

## Unjust Enrichment

56. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-39 as if fully set forth herein.

57. Plaintiff and Class Members enriched Defendant by conferring a benefit on Defendant through their purchases of the Pasta Sauce.

58. Defendant accepted and retained the benefits Plaintiffs and Class Members bestowed on it in the form of the profits and revenues it received as a result of their purchase of the Pasta Sauce.

59. Because Plaintiff and Class Members conferred the financial benefits on Defendant as a result of Defendant's fraudulent and misleading representation that the Pasta Sauce is "All Natural," it would be inequitable and unjust for Defendant to retain those benefits.

60. Defendant has been enriched at Plaintiff's and Class Members' expense.

61. Plaintiff and Class members are therefore entitled to restitution, and Defendant should be required to disgorge its ill-gotten enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, respectfully requests that the Court enter judgment against Defendant and in favor of Plaintiff and the Class, including an award of all recoverable damages; requiring Defendant to disgorge amounts unlawfully obtained or to pay restitution; all recoverable costs, interest, and attorneys' fees; and for such further relief as may be just and proper.

Dated: October 23, 2023                Respectfully submitted,

                                       By:   */s/ Matthew H. Armstrong*
                                             Matthew H. Armstrong (MoBar 42803)

Electronically Filed - CITY OF ST. LOUIS - October 23, 2023 - 03:36 PM

>
> ARMSTRONG LAW FIRM LLC
> 8816 Manchester Rd., No. 109
> St. Louis MO 63144
> Tel:     314-258-0212
> Email:  matt@mattarmstronglaw.com
>
> Stuart L. Cochran (MoBar 68659)
> COCHRAN LAW PLLC
> 8140 Walnut Ln., Ste. 250
> Dallas TX 75231
> Tel:     469-333-3405
> Email:  stuart@scochranlaw.com
>
> Attorneys for Plaintiff and the Putative Class